IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOU ANN MAES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 06 C 6849 |
| | ) | |
| ROBERT FOLBERG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lou Anne Maes filed this unopposed motion requesting reconsideration of this court's memorandum opinion and order of June 27, 2007 (the June 27th order), dismissing her claim for punitive damages under the Illinois State Officials and Employees Ethics Act, 5 ILCS 430/15-5 *et seq.* (the Act). We may reconsider our earlier orders where it is necessary, among other things, to correct clear errors of fact or law. United States v. Petersen Sand and Gravel, Inc., 806 F. Supp. 1346, 1360 (N.D. Ill. 1992). Upon reconsideration of the Act's language and cases interpreting similar provisions, we agree with plaintiff and reinstate her punitive damages claim.

The Act provides that "The State employee may be awarded all remedies necessary to make the State employee whole and to prevent future violations of this Article." 5 ILCS 430/15-25. In the June 27th order we drew out the portion of this provision which allowed for "all remedies necessary to make the [ ] employee whole," and held that this language permitted a claim for compensatory damages, but did not permit a similar claim for punitive damages. Plaintiff claims that she did not rely on that language to support her punitive damages claim but, instead, relied on the portion of the provision that allowed "all remedies...to prevent

future violations" of the statute. Plaintiff argues that a plain reading of this language supports a finding that the legislature envisioned the recovery of punitive damages under the Act. We agree. As plaintiff points out, the Illinois Supreme Court has held that "punitive damages...are allowed in the nature of punishment and as a warning and example to deter the defendant and others from committing like offenses in the future." Kelsay v. Motorola, Inc., 74 Ill. 2d 172, 186 (Ill. 1978). We find that the above-cited statutory language addresses such policy considerations. Redirecting our focus to this language renders inapposite the case cited in our earlier order, Averett v. Chicago Patrolmen's Federal Credit Union, 2007 U.S. Dist. LEXIS 21649 (N.D. Ill. March 27, 2007), since the language of the statute in question there only provided for "all relief necessary to make the employee whole," and did not provide for remedies necessary to prevent future violations.

Since our earlier order held that the scope of plaintiff's damages claims was not limited by the nature of the remedies listed, we find that it is no great leap to hold now that the statute also provides for recovery of punitive damages in order to "prevent future violations" of the statute.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to reconsider is granted and her claim for punitive damages is reinstated.

JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 4, 2007.